GUTIERREZ v. THE REGISTRAR OF PROPERTY.

APPEAL from decision of the Registrar of Property of Ponce.

No. 3.—Decided June 18, 1908.

INCURABLE DEFECT—RECORD OF JUDICIAL SALE—COOWNERSHIP OF A DEFENDANT.—
The defendants having been adjudged to pay jointly the sum demanded in the complaint, the coownership of one of the descendants of the property attached must be considered as included in the public sale made to satisfy the judgment and the incurable defect alleged by the registrar does not exist.
CURABLE DEFECT—STATEMENT OF AGE OF PARTIES RECORDED—FAILURE TO PRESENT POWER OF ATTORNEY.—The failure to state in a deed the age of the contracting parties does not constitute any defect whatsoever, it being sufficient to

say that they are of legal age; but it is a curable defect to fail to present the power of attorney of the party appearing to accept the deed in the name of the purchaser, inasmuch as in accordance with the provisions of section 1226 of the Revised Civil Code, no one may contract in the name of another without being authorized so to do by the latter, or by law.

The facts are stated in the opinion.

*Mr. José Tous Soto* for appellant.

MR. CHIEF JUSTICE QUIÑONES delivered the opinion of the court.

This is an appeal taken by Attorney José Tous Soto on behalf of Clemente Gutierrez from a decision of the Registrar of Property of Ponce denying the admission to record of a deed of sale.

An action having been brought by Clemente Gutierrez in the District Court of Ponce against the Estate of Francisco Giraldez Cividanes, composed of his widow Nicoñasa Bosch, of his children Francisco, Francisca and Juan Giraldez Bosch, and of his grandchildren Miguel and Leopoldo Frenandez y Giraldez, María de las Mercedes, Martínez y Giraldez, and María Luisa Silva y Giraldez; and against Florencio Fernández, Serafin Martínez and Juan Giraldez, as members of the firm of Giraldez é Hijos, an agricultural copartnership which did business in Adjuntas, for the recovery of $888 and interest at the rate of 6 per cent per annum from December 31, 1903, due for salary as overseer of the firm of Giraldez é Hijos and of Francisco Giraldez Cividanes.

Said action having been prosecuted through all its stages, judgment was rendered by the district court adjudging the defendants to pay jointly the sum claimed; the proper order was accordingly issued to the marshal of said court for the execution of aforesaid judgment, on the property of the defendants; this, having been offered at public sale was awarded to the creditor, Clemente Gutierrez, in payment of his claim; and the marshal thereupon executed in his favor the proper deed of sale before Manuel León Parra, a notary of Ponce, on September 30, 1907, which deed was accepted in the name of

the purchaser by his attorney, José Tous Soto, a receipt being given to the defendants for the $888 claimed and paid by the award of the interests in the undivided property sold.

Upon presentation of said deed in the Registry of Property of Ponce for record, the registrar recorded it, excepting as to the interest belonging to Serafin Martínez, in the undivided property sold, which he refused to record on account of the incurable defect that said Serafin Martínez was not included among the defendants as one of the heirs of Giraldez; the curable defects were further set forth that the document did not contain, nor had there been presented, the power of attorney under which José Tous Soto accepted the sale in the name of the purchaser and that the age of the latter did not appear in said document, according to the decision placed by the said registrar at the foot of said deed.

Attorney José Tous Soto, on behalf of Clemente Gutierrez, took an appeal from this decision, seeking the reversal thereof and the issuance of an order to the registrar directing him to record the deed without the curable defects mentioned by the said registrar of property.

The incurable defect mentioned by the registrar in his decision does not exist, inasmuch as Serafin Martínez having been included among the defendants as a member of the firm of Giraldez é Hijos, and adjudged to make payment jointly with the other defendants as set forth in the deed, it is evident that his interest in the undivided property attached followed the same fate as the interests of the other defendants adjudged to make payment, and must be considered as included in the property awarded by auction to the purchaser, Clemente Gutierrez.

The failure to specify the age of the parties to the deed does not constitute a defect, it being sufficient for the purpose to state that they are of legal age; but the nonpresentation of the power of attorney authorizing Attorney José Tous Soto to accept the deed in the name of the purchaser, Clemente

Gutierrez, does constitute a defect, inasmuch as in accordance with the provisions of section 1226 of the revised Civil Code, no one can contract in the name of another without being authorized by him or without having his legal representation according to law.

The decision of the Registrar of Property of Ponce, placed at the foot of the deed involved in this appeal, is reversed in so far as it declares that the same is not recordable with respect to the interest of Serafín Martínez in the undivided property attached, and it notes the curable defect of omitting the age of José Tous Soto, this court holding that said deed is recordable as to the interest of Serafín Martínez in the undivided property attached, the same as are the other interests, with the curable defect that the power of attorney authorizing José Tous Soto to accpt the sale in the name of the purchaser, Clemente Gutierrez, does not appear. The documents presented are ordered to be returned to the Registrar of Property of Ponce, together with a certified copy of this decision, for the information of all persons concerned and for such other purposes as may be proper.

*Reversed.*

Justices Hernández, Figueras, MacLeary and Wolf concurred.